UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN C. KING,

        Petitioner,

v.

GREGORY SKIPPER,

        Respondent.

        Case Number 18-13085
        Honorable David M. Lawson

_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244

On October 2, 2018, petitioner Adrian C. King filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In his petition, King challenges his 2005 state court convictions for assault with intent to commit murder, Mich. Comp. Laws § 750.83, being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, discharge of a firearm toward a building, Mich. Comp. Laws § 750.234b, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The grounds raised in the petition are that: (1) insufficient evidence was offered to prove that the petitioner was a habitual offender, (2) trial counsel was ineffective for failing to challenge the habitual offender designation during sentencing, and (3) the trial court abused its discretion in sentencing the petitioner as a habitual offender.

The petitioner has filed three previous petitions under 28 U.S.C. § 2254 that also challenged his 2005 convictions. King filed his first petition under 28 U.S.C. § 2254 in 2007. *See King v. Capello*, No. 07-15134 (E.D. Mich. Jan. 18, 2011). That petition was denied on the merits, and the appeal was dismissed for want of prosecution. In 2014, the petitioner filed a second federal habeas petition challenging the same convictions. The case was transferred to the United States Court of Appeals for the Sixth Circuit, which denied authorization to proceed on the second or

successive petition because the claims could have been raised in the first petition. *In re Adrian King*, No. 15-1068 (6th Cir. July 13, 2015). King attempted to file a third habeas petition, but that case also was transferred to the Sixth Circuit, which again denied authorization to proceed. *In re Adrian King*, No. 17-2040 (6th Cir. Jan. 23, 2018). Because this is the petitioner's fourth attempt to obtain relief under section 2254, the Court must transfer the petition to the court of appeals so that he may seek permission to file a second or successive petition.

An individual seeking to file a second or successive habeas petition must first ask the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals the function of screening such second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the matter to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

The petitioner cannot proceed with the claims raised in his present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals. The

Court therefore will order the Clerk of Court to transfer the motion to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that the Clerk of Court shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:   October 17, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 17, 2018.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---